LISA C. HAMASAKI, CA Bar No. 197628
lisa.hamasaki@ogletree.com
HEIDI G. KIM, CA Bar No. 306641
heidi.kim@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendant
TESLA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE LY, an individual,<br><br>        Plaintiff,<br><br>     v.<br><br>TESLA, INC., a Texas Corporation,<br><br>        Defendant. | Case No. 5:24-cv-6521-VKD<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      November 19, 2024<br>Time:      10:00 AM<br>Location:  Courtroom 2, Fifth Floor<br><br><br>Complaint Filed:  July 19, 2024<br>Trial Date:      None Set<br>Judge:        Hon. Virginia K. DeMarchi |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND PLAINTIFF AND HER COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** that on November 19, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California 95113, before the Honorable Virginia K. DeMarchi, Defendant Tesla, Inc. ("Tesla" of "Defendant") will, and hereby does, move the Court for an Order compelling Plaintiff Jeannie Ly ("Plaintiff") to arbitrate her claims against Tesla and stay such claims in this action pending the outcome of the arbitration (the "Motion").

      This Motion is made on the grounds that Plaintiff signed and accepted a valid arbitration agreement requiring that she individually arbitrate all claims arising out of her employment at Tesla, and this dispute falls within the scope of that agreement. Tesla requested that Plaintiff honor her contractual agreement to arbitrate her claims, but she has unjustifiably refused to do so. Tesla is therefore entitled to an Order compelling arbitration and a stay of all of Plaintiff's claims under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, or, in the alternative, under the California Arbitration Act, California Code of Civil Procedure § 1281, *et seq.* Other than by this Motion, Tesla has no adequate remedy to compel the arbitration procedure to which Plaintiff contractually agreed.

      This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the concurrently filed Request for Judicial Notice and exhibits thereto, the concurrently filed Declarations of Heidi G. Kim and Ben Flesch and exhibits thereto, all pleadings, papers, and records on file herein, all matters upon which judicial notice may be taken, any oral arguments and documentary evidence that may be presented prior to or at the time of hearing on this Motion, and upon such other matters the Court deems just and necessary.

DATED:  October 14, 2024

                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                    By:  *s/ Heidi G. Kim*
                        LISA C. HAMASAKI
                        HEIDI G. KIM
                        Attorneys for Defendant
                        TESLA, INC.

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 1

    A.     The Parties Entered Into An Enforceable Arbitration Agreement ........................ 1

    B.     All Of Plaintiff's Causes Of Action Relate To Her Employment ........................ 2

    C.     Plaintiff Filed This Action In Violation Of The Arbitration Agreement
       And Then Refused To Arbitrate ........................................................................ 2

III.    LEGAL ARGUMENT ........................................................................................ 3

    A.     The Federal Arbitration Act Applies To The Arbitration Agreement ................... 3

    B.     Both Federal and California Law Favor Employment-Related
       Arbitration Agreements .................................................................................... 4

    C.     The Parties Agreed To Arbitrate Disputes Arising Out Of Plaintiff's
       Employment With Tesla .................................................................................... 6

    D.     Plaintiff's Claims Against Tesla Are Within The Scope Of The
       Arbitration Agreement ...................................................................................... 6

    E.     The Arbitration Agreement Is Valid And Enforceable ......................................... 7

       (a)     The Arbitration Agreement Is Procedurally Fair ........................................ 8

       (b)     The Arbitration Agreement Is Substantively Fair ..................................... 10

           (i)     The Arbitration Agreement Provides For A Neutral
              Arbitrator ........................................................................... 11

           (ii)    The Arbitration Agreement Provides For Adequate
              Discovery ........................................................................... 11

           (iii)   The Arbitration Agreement Requires A Written Award .............. 12

           (iv)    The Arbitration Agreement Provides For Adequate
              Remedies ........................................................................... 12

           (v)     The Arbitration Agreement Does Not Impose
              Unreasonable Costs ............................................................ 12

           (vi)    The Arbitration Agreement Is Bilateral ................................... 13

    F.     The Court Should Sever Any Term Deemed Unconscionable And
       Enforce The Remainder Of The Arbitration Agreement ..................................... 13

    G.     The Court Should Stay Proceedings Pending Completion Of
       Arbitration ..................................................................................................... 14

IV.     CONCLUSION ............................................................................................... 15

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3 **CASES**

4 *24 Hour Fitness, Inc. v. Superior Court,*
      66 Cal. App. 4th 1199 (1998).................................................................10, 11, 13

5

6 *Allied-Bruce Terminix Cos., Inc. v. Dobson,*
      513 U.S. 265 (1995) ............................................................................................4

7 *American Express Co. v. Italian Colors Rest.,*
      570 U.S. 228 (2013) .......................................................................................3, 5

8

9 *Armendariz v. Foundation Health Psycare Servs., Inc.,*
      24 Cal.4th 83 (2000)...................................................................................*passim*

10

11 *AT&T Mobility LLC v. Concepcion,*
      563 U.S. 333 (2011) ....................................................................................3, 4, 5

12 *AT&T Techs., Inc. v. Comm'ns Workers of Am.,*
      475 U.S. 643 (1986) ............................................................................................7

13

14 *Bernhardt v. Polygraphic Co. of America, Inc.,*
      350 U.S. 198 (1956) ............................................................................................4

15

16 *Bigler v. Harker School,*
      213 Cal. App. 4th 727 (2013)..........................................................................8, 9

17 *Bolanos v. Khalatian,*
      231 Cal. App. 3d 1586 (1991) ..........................................................................10

18

19 *Bolter v. Superior Court,*
      87 Cal. App. 4th 900 (2001).........................................................................13, 14

20

21 *Brookwood v. Bank of America,*
      45 Cal. App. 4th 1667 (1996)............................................................................10

22 *Chiron Corp v. Ortho Diagnostic Sys., Inc.,*
      207 F.3d 1126 (9th Cir. 2000) ............................................................................5

23

24 *Circuit City Stores, Inc. v. Najd,*
      294 F.3d 1104 (9th Cir. 2002) ............................................................................8

25

26 *Citizens Bank v. Alafabco, Inc.,*
      539 U.S. 52 (2003) ..............................................................................................4

27 *Coast Plaza Doctors Hosp. v. Blue Cross of California,*
      83 Cal. App. 4th 677 (2000)................................................................................6

28

*Condee v. Longwood Mgmt. Corp.*,
  88 Cal. App. 4th 215 (2001) ................................................................... 6

*Craig v. Brown & Root, Inc.*,
  84 Cal. App. 4th 416 (2000) ................................................................. 13

*DIRECTV, Inc. v. Imburgia*,
  136 S. Ct. 463 (2015) ........................................................................... 5

*E.E.O.C. v. Luce, Forward, Hamilton & Scripps*,
  345 F.3d 742 (9th Cir. 2003) ................................................................. 9

*Ferguson v. Countrywide Credit Industries*,
  298 F.3d 778 (9th Cir. 2002) ............................................................... 14

*Fittante v. Palm Springs Motors, Inc.*,
  105 Cal. App. 4th 708 (2003) ..................................................... 8, 11, 13

*Garcia v. Start Yoshi, Inc.*,
  No. 23-CV-06518-VKD, 2024 WL 2274524 (N.D. Cal. May 17, 2024) .............. 13

*Giuliano v. Inland Empire Personnel, Inc.*,
  149 Cal. App. 4th 1276 (2007) .............................................................. 4

*Graham v. Scissor-Tail, Inc.*,
  28 Cal.3d 807 (1981) ......................................................................... 7, 9

*Green Tree Fin. Corp.Ala. v. Randolph*,
  531 U.S. 79 (2000) ............................................................................... 7

*Howsam v. Dean Witter Reynolds, Inc.*,
  537 U.S. 79 (2002) ............................................................................... 6

*Kilgore v. KeyBank, Nat. Ass'n.*,
  718 F.3d 1052 (9th Cir. 2013) ............................................................... 5

*Lagatree v. Luce, Forward, Hamilton & Scripps*,
  74 Cal. App. 4th 1105 (1999) ................................................................ 9

*Lane v. Francis Capital Mgmt. LLC*,
  224 Cal. App. 4th 676 (2014) .............................................................. 12

*Little v. Auto Stiegler, Inc.*,
  29 Cal.4th 1064 (2003) ......................................................................... 5

*Madden v. Kaiser Found. Hosps.*,
  17 Cal.3d 699 (1976) ...................................................................... 5, 10

*Marcus v. Superior Court*,
  75 Cal. App. 3d 204 (1977) ................................................................. 15

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND
STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES

*Mercuro v. Superior Court*,
    96 Cal. App. 4th 167 (2002) ................................................................................... 14

*Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth*,
    473 U.S. 614 (1985) ............................................................................................... 7

*Moncharsh v. Heily & Blasé*,
    3 Cal.4th 1 (1992) ................................................................................................. 5

*Morris v. Redwood Empire Bancorp*,
    128 Cal. App. 4th 1305 (2005) ............................................................................. 10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) .................................................................................................. 7

*Oakland-Alameda Cnty. Coliseum Auth. v. CC Partners*,
    101 Cal. App. 4th 635 (2002) ............................................................................... 14

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US) LLC*,
    55 Cal.4th 223 (2012) ....................................................................................... 7, 10

*Rent-A-Center, West, Inc. v. Jackson*,
    561 U.S. 63 (2010) ................................................................................................ 4

*Rodriguez v. Am. Techs., Inc.*,
    136 Cal. App. 4th 1110 (2006) ............................................................................. 15

*Roman v. Superior Court*,
    172 Cal. App. 4th 1462 (2009) .......................................................................... 8, 12

*Rosenthal v. Great Western Fin. Secs. Corp.*,
    14 Cal.4th 394 (1996) ........................................................................................... 6

*Sanchez v. Carmax Auto*,
    224 Cal. App. 4th 398 (2014) ...................................................................... 8, 9, 10

*Sanchez v. Valencia Holding Co., LLC*,
    61 Cal.4th 899 (2015) ........................................................................................... 8

*Shearson/Am. Express, Inc. v. McMahon*,
    482 U.S. 220 (1987) .............................................................................................. 7

*SI V, LLC v. FMC Corp.*,
    223 F. Supp. 2d 1059 (N.D. Cal. 2002) ............................................................... 14

*Sonic-Calabasas A, Inc. v. Moreno*,
    57 Cal.4th 1109 (2013) ......................................................................................... 8

*United Transp. Union v. Southern Cal. Rapid Transit Dist.*,
    7 Cal. App. 4th 804 (1992) .................................................................................... 6

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND
STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Vernon v. Drexel Burnham & Co.*,
    52 Cal. App. 3d 706 (1975) ................................................................. 10

*Vianna v. Doctors' Mgmt. Co.*,
    27 Cal. App. 4th 1186 (1994) ............................................................ 5, 7

**STATUTES**

Federal Arbitration Act (FAA) ............................................................... *passim*

9 U.S.C. § 2 ..................................................................................... 3

9 U.S.C. § 3 ................................................................................... 14

9 U.S.C. § 4 ................................................................................ 5, 14

28 U.S.C. § 1332 .............................................................................. 2

28 U.S.C. § 1441 .............................................................................. 2

28 U.S.C. § 1446 .............................................................................. 2

California Family Rights Act ............................................................... 2, 7

Cal. Code Civ. Proc. § 1281.4 .............................................................. 15

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND
STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff Jeannie Ly ("Plaintiff") willingly entered into a binding and enforceable arbitration agreement (the "Agreement") with her former employer, Defendant Tesla, Inc. ("Tesla" or "Defendant"). The terms of the Agreement are both procedurally and substantively fair, and are in accordance with the principles set forth by both Federal and California law. All of Plaintiff's causes of action arise from her employment with Tesla and, therefore, are subject to the Agreement. Because the Agreement is valid, and because all of Plaintiff's claims clearly fall within its scope, her claims must be compelled to arbitration.

Counsel for Tesla requested that Plaintiff stipulate to arbitration of this matter pursuant to the Agreement, but Plaintiff refused – even though her claims concern matters explicitly covered by the Agreement's unambiguous language, and Plaintiff has not denied that she signed the Agreement. Accordingly, Tesla has no other adequate remedy than to seek the Court's intervention to compel arbitration. Tesla also respectfully requests that the Court stay all proceedings under the subject lawsuit until the arbitration is completed.

**II.    FACTUAL BACKGROUND**

**A.    The Parties Entered Into An Enforceable Arbitration Agreement**

Tesla is an automotive company with a mission to transition the world to sustainable energy through designing, manufacturing, and selling electric cars and solar products throughout the United States and the world. *See* Declaration of Ben Flesch ("Flesch Decl."), ¶2. On December 29, 2020, Tesla sent an email to Plaintiff using the email address she provided when she completed her online application for employment with Tesla. *Id.*, ¶ 8. The December 29, 2020, email contained a link to an employment offer letter. *Id.* Plaintiff accepted Tesla's offer of employment on December 29, 2020, affixing her electronic signature to the offer letter she received. Flesch Decl., ¶¶ 10-11, Exs. 1 [offer letter signed by Plaintiff with arbitration provision] and 2 [email confirming Plaintiff's electronic signature of offer letter].

/ / /

/ / /

1   The offer letter that Plaintiff agreed to and signed includes an arbitration provision (the
2   "Agreement") which sets forth the parties' agreement to arbitrate all claims related to Plaintiff's
3   employment.  Flesch Decl., Ex. 1.  Pursuant to the Agreement, Plaintiff and Tesla agreed that:

> [A]ny and all disputes, claims, or causes of action, in law or equity, arising
> from or relating to your employment, or the termination of your
> employment, will be resolved, to the fullest extent permitted by law by final,
> binding and private arbitration in your city and state of employment
> conducted by the Judicial Arbitration and Mediation Services/Endispute,
> Inc. ("JAMS"), or its successors, under the then current rules of JAMS for
> employment disputes ….

8   Flesch Decl., Ex. 1.

9   Plaintiff began her employment with Tesla on January 4, 2021, as an Operation's Specialist
10  working out of Tesla's Fremont, California facility.  Flesch Decl., ¶ 13.

11  **B.    All Of Plaintiff's Causes Of Action Relate To Her Employment**

12  On July 19, 2024, Plaintiff filed the instant Complaint ("Complaint") in the Superior Court
13  of California for the County of Monterey.  *See* Declaration of Heidi G. Kim ("Kim Decl."), ¶ 2,
14  Ex. 1.  Subsequently, on September 17, 2024, Defendant filed its Notice of Removal of Action Under
15  28 U.S.C. §§ 1332, 1441, and 1446, and removed the instant action to the United States District
16  Court for the Northern District.  *Id.*  In her Complaint, Plaintiff alleges that she was employed by
17  Tesla, that she was discriminated against because of her sex and disability, that she was retaliated
18  against for requesting accommodations, and that Tesla failed to engage in the interactive process,
19  failed to accommodate her disability and medical condition, failed to prevent discrimination,
20  interfered with her rights under the California Family Rights Act, and wrongfully terminated her
21  employment.  *Id*.  Every cause of action in the Complaint and all of the factual allegations in support
22  thereof clearly arise from Plaintiff's employment with Tesla and, therefore, are subject to the
23  Agreement.

24  **C.    Plaintiff Filed This Action In Violation Of The Arbitration Agreement And
25  Then Refused To Arbitrate**

26  Notwithstanding her express agreement to submit "any and all disputes, claims, or causes of
27  action...arising from or relating to [her] employment, or the termination of [her] employment" to

28

1    binding arbitration, Plaintiff filed this lawsuit alleging claims that all directly relate to her
2    employment with Tesla. Flesch Decl., Ex. 1; Kim Decl., Ex. 1.

3    On September 18, 2024, counsel for Tesla emailed counsel for Plaintiff, and advised that
4    Plaintiff had signed an arbitration agreement with Defendant and requested Plaintiff to stipulate to
5    arbitration. Kim Decl., ¶ 3. Ex. 2, p. 3. On September 19, 2024, counsel for Plaintiff responded
6    asking for a copy of the Agreement. *Id.* That same day, counsel for Tesla provided counsel for
7    Plaintiff with a copy of the Agreement. Kim Decl., ¶ 3. Ex. 2, p. 2. On September 24, 2024, counsel
8    for Tesla sent a follow-up email to counsel for Plaintiff requesting a response on whether Plaintiff
9    would stipulate to arbitration, asked for a response by the close of business on September 26, 2024,
10   and indicated that if Plaintiff refused to so stipulate, Tesla would proceed with filing a Motion to
11   Compel Arbitration. *Id.* Given the lack of response, on September 27, 2024, counsel for Tesla
12   emailed counsel for Plaintiff informing them that Tesla would be moving forward with a Motion to
13   Compel Arbitration and requested the parties to agree on extending their General Order 71 initial
14   discovery responses to 30 days after the court's ruling on Tesla's Motion to Compel. Kim Decl.,
15   ¶ 3. Ex. 2, p. 1. On September 27, 2024, counsel for Plaintiff emailed counsel for Tesla agreeing to
16   extend the General Order 71 initial discovery responses from the current deadline, but still did not
17   provide any response on whether Plaintiff would stipulate to arbitration. Kim Decl., ¶ 3. Ex. 2, p. 4.
18   On October 7, 2024, counsel for Plaintiff finally responded indicating that Plaintiff would be
19   declining to stipulate to arbitration. Kim Decl., ¶ 3. Ex. 2, p. 1.

20   **III.    LEGAL ARGUMENT**

21        **A.    The Federal Arbitration Act Applies To The Arbitration Agreement**

22   The Federal Arbitration Act ("FAA") establishes a strong federal policy in favor of arbitration
23   where a written arbitration agreement exists. *American Express Co. v. Italian Colors Rest.*, 570 U.S.
24   228, 243 (2013) (noting that the FAA "reflects a federal policy favoring actual arbitration"); *AT&T*
25   *Mobility LLC v. Concepcion*, 563 U.S. 333, 337-338 (2011) (same). The FAA provides that "[a]
26   written provision in . . . a contract evidencing a transaction involving commerce to settle by
27   arbitration a controversy thereafter arising out of such contract, transaction, or refusal, ***shall be valid,***
28   ***irrevocable, and enforceable***[.]" 9 U.S.C. § 2 (emphasis added). The FAA applies to the Agreement

1    because the Agreement constitutes a contract involving interstate commerce. *See, e.g., Giuliano v.*

2    *Inland Empire Personnel, Inc.*, 149 Cal. App. 4th 1276, 1286 (2007). An agreement to arbitrate

3    between an employer and its employee involves interstate commerce where there is a showing that

4    the employee, while performing his or her duties under the employment contract, was working in

5    commerce or was engaging in activity that affected commerce. *Bernhardt v. Polygraphic Co. of*

6    *America, Inc.*, 350 U.S. 198, 201 (1956).[1]

7        The Agreement, which governed Plaintiff's employment with Tesla, facilitated interstate

8    commerce because Tesla's business, and Plaintiff's concomitant job duties, ultimately affected

9    interstate commerce. Plaintiff was employed by Tesla as an Operations Specialist at Tesla's

10   Fremont, California factory. Flesch Decl., ¶ 13. In the United States, Tesla's products are distributed

11   from its Fremont facility through normal channels of interstate commerce. *Id.*, ¶ 2. Tesla's Fremont

12   facility also uses materials that are obtained from other locations outside the state of California,

13   thereby involving interstate commerce. *Id.* Plaintiff's work directly helped to facilitate these

14   transactions in interstate commerce, thereby triggering the application of the FAA to the Agreement.[2]

15   **B.    Both Federal and California Law Favor Employment-Related Arbitration**
     **Agreements**

16

17       Under federal law, there is a strong presumption in favor of enforcing the Agreement. The

18   FAA reflects "both a 'liberal federal policy favoring arbitration' and the 'fundamental principle that

19   arbitration is a matter of contract.'" *Concepcion*, 563 U.S. at 339 (quoting *Moses H. Cone Mem'l*

20   *Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *Rent-A-Center, West, Inc. v. Jackson*, 561

21

22   _____

     [1] "In deciding this issue, [the court] must broadly construe the phrase, 'evidencing a transaction
23   involving commerce,' because the FAA 'embodies Congress' intent to provide for the enforcement
     of arbitration agreements within the full reach of the Commerce Clause." *Giuliano,* 149 Cal. App.
24   4th at 1286. The "term 'involving commerce' in the FAA" has been interpreted "as the functional
     equivalent of the more familiar term 'affecting commerce.'" *Citizens Bank v. Alafabco, Inc.*, 539
     U.S. 52 (2003).

25   [2] It is well-settled that corporations with multi-state business operations are engaged in "commerce"
     for purposes of the FAA. *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 282 (1995)
26   ("the multi-state nature" of defendants' business operations satisfied FAA's commerce requirement);
     *Giuliano*, 149 Cal. App. 4th at 1286-87 (the FAA's interstate commerce requirement was met
27   "[g]iven [employer's] undisputed interstate business activities [operating in California and Arizona]
     and the broad construction we must give to the phrase 'evidencing a transaction involving
28   commerce.'"). Accordingly, the FAA applies here.

_____

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND
STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES

1  U.S. 63, 66 (2010).  The Supreme Court has repeatedly reinforced that the FAA "reflects the

2  overarching principle that arbitration is a matter of contract ... [and that] courts must 'rigorously

3  enforce' arbitration agreements according to their terms[.]"  *American Exp. Co.*, 570 U.S. at 232

4  (internal quotation marks and citations omitted); *DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 468

5  (2015) ("The Federal Arbitration Act is a law of the United States, and *Concepcion* is an authoritative

6  interpretation of that Act.  Consequently, the judges of every State must follow it.").  "The FAA

7  mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an

8  arbitration agreement has been signed." *Kilgore v. KeyBank, Nat. Ass'n.*, 718 F.3d 1052, 1058 (9th

9  Cir. 2013) (en banc) (internal quotation marks omitted).

10     California law compels the same result.  California's public policy also strongly favors

11  arbitration agreements. *Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064, 1079 (2003); *Madden v. Kaiser

12  Found. Hosps.*, 17 Cal.3d 699, 706-07 (1976) ("[A]rbitration has become an accepted and favored

13  method of resolving disputes . . . praised by the courts as an expeditious and economical method of

14  relieving overburdened civil calendars.").  That public policy includes employment claims.  *See

15  generally, Armendariz v. Foundation Health Psycare Servs., Inc.*, 24 Cal.4th 83 (2000).  This strong

16  policy in favor of enforcing arbitration agreements, acknowledged by California and federal courts alike,

17  applies to arbitration agreements under state law and the FAA.  *Concepcion*, 563 U.S. at 1749; *Vianna

18  v. Doctors' Mgmt. Co.,* 27 Cal. App. 4th 1186, 1189 (1994); *Moncharsh v. Heily & Blasé*, 3 Cal.4th 1, 9

19  (1992).[3]  Thus, under both the FAA and California law, this Court's role is limited to determining

20  (1) whether the Agreement encompasses the dispute at issue, and (2) whether the Agreement is otherwise

21  valid.  9 U.S.C. § 4. Once this Court determines that "the response is affirmative on both counts, then the

22  [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron

23  Corp v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

24  / / /

25  / / /

26  / / /

27

28  [3] The same arbitration agreement that is at issue in this litigation has been upheld throughout California on several occasions.  *See* Request for Judicial Notice, ¶¶ 1-41, Exs 1-41.

**C.    The Parties Agreed To Arbitrate Disputes Arising Out Of Plaintiff's Employment With Tesla**

There is no credible dispute here that Plaintiff and Tesla agreed to arbitrate and that the claims Plaintiff brings in this action are within the scope of that agreement.    *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (trial court must ascertain whether an agreement to arbitrate exists, and whether the claims are within the scope of that agreement); *Rosenthal v. Great Western Fin. Secs. Corp.*, 14 Cal.4th 394, 413 (1996).

Though Tesla must prove that the parties entered into an agreement to arbitrate the claims at issue, its burden is light, Tesla is only required to show that an agreement exists by a preponderance of the evidence. *Id.*; *Howsam*, 537 U.S. at 84.    To satisfy its burden, Tesla need only supply a copy of the Agreement or recite its terms in this Motion.    *Condee v. Longwood Mgmt. Corp.*, 88 Cal. App. 4th 215, 218-19 (2001).    Here, Tesla has met its burden by providing this Court with a true and correct copy of the Agreement signed by Plaintiff, and attesting to the methods and means by which that Agreement was presented to and accepted by Plaintiff.    Flesch Decl., ¶¶ 4-10, Exs. 1 and 2. Plaintiff's offer of employment with Tesla was expressly subject to Plaintiff's acceptance of the Agreement.    Flesch Decl., Ex. 1.    Plaintiff cannot now claim that she did not accept, or should not be subject to, the Agreement she signed.

**D.    Plaintiff's Claims Against Tesla Are Within The Scope Of The Arbitration Agreement**

There is similarly no viable dispute that the Agreement covers the claims Plaintiff brings in this action.    The scope of an arbitration agreement is determined by the agreement itself, and such agreements are upheld unless it can be said with assurance that the agreement cannot be interpreted to cover the asserted dispute.    *United Transp. Union v. Southern Cal. Rapid Transit Dist.*, 7 Cal. App. 4th 804, 808-09 (1992).    The party opposing arbitration – here, Plaintiff – bears the burden of demonstrating that an arbitration clause does not require arbitration of the dispute.    *Coast Plaza Doctors Hosp. v. Blue Cross of California*, 83 Cal. App. 4th 677, 686-87 (2000).

The Agreement expressly provides that Plaintiff and Tesla agree to arbitrate "any and all disputes, claims, or cause of action ... arising from or relating to [Plaintiff's] employment, or the

termination of [Plaintiff's] employment ..."  Flesch Decl., Ex. 1.  Plaintiff's Complaint alleges disability discrimination, sex discrimination, failure to accommodate physical disability, failure to accommodate condition related to pregnancy, interference with rights under California Family Rights Act, failure to engage in the interactive process, failure to prevent discrimination, retaliation, and wrongful termination.  *See* Kim Decl., Ex 1.  The entirety of the factual allegations in the Complaint concern or relate to Plaintiff's employment with Tesla.  *Id.*  Accordingly, Plaintiff's claims against Tesla clearly fall squarely within the scope of the Agreement.  Even if there was any doubt as to whether the Agreement covers the dispute, such doubt must be resolved in favor of arbitration.  *AT&T Techs., Inc. v. Comm'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (doubts as to whether an asserted dispute is covered by an arbitration clause "should be resolved in favor of coverage") (internal quotation marks omitted).[4]  Based on the plain language of the Agreement, the Court should grant this Motion.

### E.    The Arbitration Agreement Is Valid And Enforceable

Arbitration agreements governed by the FAA, such as the Agreement here, are presumed to be valid and enforceable.  *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth*, 473 U.S. 614, 626-27 (1985).  The burden is on Plaintiff to prove otherwise.  *Green Tree Fin. Corp.Ala. v. Randolph*, 531 U.S. 79, 92 (2000); *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US) LLC*, 55 Cal.4th 223, 236 (2012).

Similarly, in California, if the essential elements of a contract are present, the agreement shall be enforced so long as it is fair and conscionable – and Plaintiff bears the burden to establish that an arbitration agreement is unconscionable.  *Armendariz*, 24 Cal.4th at 114 ("in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability," the plaintiff must prove that the agreement is both procedurally and substantively unconscionable."); *Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807, 820 (1981); *Engalla v. Permanente*

---

[4] *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24-25 ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"); *Vianna*, 27 Cal. App. 4th at 1189 (any "[d]oubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration.") (quotation marks and citation omitted).

1    *Med. Grp., Inc.*, 15 Cal.4th 951, 972 (1997) ("a party opposing the petition [to compel arbitration]

2    bears the burden of proving by a preponderance of the evidence any fact necessary to its defense").

3        Courts assessing the conscionability of an arbitration agreement under California law use a

4    "sliding scale" in assessing procedural and substantive unconscionability – thus, the less procedurally

5    unconscionable the contract term, the more evidence of substantive unconscionability is required to

6    find an agreement unenforceable. *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 910

7    (2015); *Armendariz*, 24 Cal.4th at 114. This assessment requires the court to consider the totality of

8    circumstances surrounding the formation of the agreement. *Sonic-Calabasas A, Inc. v. Moreno*, 57

9    Cal.4th 1109, 1146 (2013).

10        Here, Plaintiff received, acknowledged, and consented to the Agreement when she signed it

11    on December 29, 2020. Flesch Decl., ¶ 10, Ex. 1. The Agreement is supported by adequate

12    consideration in the form of the parties' mutual agreement to be bound by its terms. *See Circuit City*

13    *Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002) (employer's promise to be bound serves as

14    adequate consideration). With offer, acceptance, and consideration, a valid arbitration agreement

15    exists. Because there is no evidence of either procedural or substantive unconscionability, the

16    Agreement must be enforced. *Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1468 (2009) (a

17    petition to compel arbitration "must be granted" unless grounds exist to revoke the underlying

18    agreement).

19            **(a)    *The Arbitration Agreement Is Procedurally Fair***

20        Procedural unconscionability focuses on two elements – oppression and surprise due to

21    unequal bargaining power. *Fittante v. Palm Springs Motors, Inc.*, 105 Cal. App. 4th 708, 722-23

22    (2003); *Bigler v. Harker School*, 213 Cal. App. 4th 727,736-37 (2013). Importantly, an otherwise

23    enforceable arbitration agreement is not unenforceable simply because it is presented on a "take it or

24    leave it basis;" the agreement must contain some surprise or some additional "unduly oppressive"

25    aspects. *Sanchez v. Carmax Auto*, 224 Cal. App. 4th 398, 402-03 (2014); *Fittante*, 105 Cal. App.

26    4th at 721-22 ("Describing a contract as one of adhesion does not, however, affect its enforceability.

27    Rather, an adhesion contract remains fully enforceable unless (1) the provision falls outside the

28    reasonable expectations of the weaker party, or (2) the provision is unduly oppressive or

unconscionable"); *Bigler*, 213 Cal. App. 4th at 736-37; *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1127 (1999) ("a compulsory predispute arbitration agreement is not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis. . . ."). Stated differently, adhesion contracts are "fully enforceable . . . unless certain other factors are present which under established legal rules – legislative or judicial – operate to render it otherwise." *Graham*, 28 Cal.3d at 819. It is well settled that an arbitration agreement made a condition of employment does not make it procedurally unconscionable. *E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 749 (9th Cir. 2003) (holding that employers may require employees to agree to binding arbitration of disputes as a condition of employment).

*Carmax Auto* is particularly illustrative. While the court found that the employer presented its employee the arbitration agreement in a "take it or leave it fashion," the court still held that the agreement was enforceable because there was no oppression or surprise. *Carmax Auto*, 224 Cal. App. 4th at 403. Critically, the agreement "was not hidden, but prominently featured as part of the employment application." *Id.*

Here, the Agreement was similarly not hidden from Plaintiff, and she can hardly claim surprise. It was not placed in the middle of an employee handbook, nor was it located in fine print at the bottom of an employment application. Flesch Decl., ¶¶ 8-9, Ex. 1. Instead, Tesla presented the Agreement to Plaintiff on pages 2 and 3 of the 4-page offer letter. Flesch Decl., Ex. 1. The Agreement is neatly typed and easy to read. *Id.* The Agreement clearly states that Plaintiff and Tesla were agreeing to arbitrate any and all claims relating to Plaintiff's employment with Tesla or the ending thereof. *Id.*

Tesla sent Plaintiff the offer letter on December 29, 2020, and Plaintiff signed the offer letter that same day. Flesch Decl. ¶¶ 8, 10, Exs. 1-2. Plaintiff cannot credibly claim that the Agreement was in any way buried or otherwise hidden from her in any fashion. Accordingly, there was no surprise or oppression associated with Plaintiff's execution of the Agreement. Because Plaintiff had an adequate opportunity to review and consider the terms of the Agreement, and then chose to provide

1  her written assent thereto by signing the Agreement, there can be no question that the Agreement is

2  procedurally conscionable and should therefore be enforced.[5]

3                    ***(b)       The Arbitration Agreement Is Substantively Fair***

4              Even if the Court were to find any procedural unconscionability – which it should not – the

5  Agreement is still enforceable because there is no evidence of substantive unconscionability.

6  Substantive unconscionability focuses on overly harsh or one-sided results.  *Armendariz*, 24 Cal.4th

7  at 114; *Carmax Auto*, 224 Cal. App. 4th at 402.  In order to prove that the Agreement is substantively

8  unconscionable, Plaintiff must prove that its terms are "so extreme" or "unfair" so as to "shock the

9  conscience."  *24 Hour Fitness, Inc.*, 66 Cal. App. 4th at 1213 (finding arbitration agreement

10 enforceable where the employee failed to demonstrate a "concrete reason why the terms of the

11 agreement are unduly harsh, oppressive or one-sided"); *Morris v. Redwood Empire Bancorp*, 128

12 Cal. App. 4th 1305, 1323 (2005) ("with a concept as nebulous as 'unconscionability,' it is important

13 that courts not be thrust in the paternalistic role of intervening to change contractual terms that the

14 parties have agreed to merely because the court believes the terms are unreasonable.  The terms must

15 shock the conscience"); *Pinnacle Museum Tower*, 55 Cal.4th at 246 ("A contract term is not

16 substantively unconscionable when it merely gives one side a greater benefit; rather, the term must

17 be 'so one-sided as to shock the conscience.'" [internal quotation marks and citation omitted]).

18 _____

19 [5] Because Plaintiff cannot reasonably dispute her assent to the Agreement, Tesla anticipates that
   Plaintiff will attempt to argue now, after-the-fact, that she did not read the document she signed or

20 did not understand the document and, therefore, should not be bound.  Both arguments fail.  First,
   even if Plaintiff now tries to claim that she did not actually read the Agreement before signing it, by

21 law she cannot use this as a basis to invalidate the Agreement.  *Brookwood v. Bank of America*, 45
   Cal. App. 4th 1667, 1674 (1996) ("'Reasonable diligence requires the reading of a contract before

22 signing it. A party cannot use his own lack of diligence to avoid an arbitration agreement'.... [h]ence,
   plaintiff was 'bound by the provisions of the [arbitration] agreement regardless of whether [she] read

23 it or [was] aware of the arbitration clause when [she] signed the document.'); *24 Hour Fitness, Inc.
   v. Superior Court*, 66 Cal. App. 4th 1199, 1215 (1998) (employee could not invalidate arbitration

24 agreement against employer, despite the fact that employee did not read the arbitration agreement
   and that the arbitration agreement was a contract of adhesion); *Vernon v. Drexel Burnham & Co.*, 52

25 Cal. App. 3d 706, 714 (1975) ("failure to read a contract before signing it is not in itself a reason to
   refuse its enforcement).  Furthermore, any after-the-fact claim that Plaintiff did not understand the

26 Agreement does not render it invalid: "[w]hen a person with the capacity of reading and
   understanding an instrument signs it, he may not, in the absence of fraud, coercion or excusable

27 neglect, avoid its terms on the ground he failed to read it before signing it." *Bolanos v. Khalatian*,
   231 Cal. App. 3d 1586, 1590 (1991).  The failure to read or understand an arbitration clause is

28 generally no defense.  *Madden,* 17 Cal.3d at 710.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND
STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES

1    In *Armendariz*, the California Supreme Court held that claims are arbitrable as long as the

2    arbitration agreement in question meets certain minimum requirements. *Armendariz*, 24 Cal.4th at

3    102. Specifically, the California Supreme Court allows for the arbitration of employment-related

4    disputes if the agreement: "(1) provides for neutral arbitrators, (2) provides for more than minimal

5    discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise

6    be available in court, and (5) does not require employees to pay either unreasonable costs or any

7    arbitrators' fees or expenses as a condition of access to the arbitration forum." *Id.*; *Fittante*, 105 Cal.

8    App. 4th at 716. In addition, the agreement must have a "modicum of bilaterality" to be enforceable

9    – i.e., it must require both the employee and employer to arbitrate claims against each other and must

10   apply equally to both parties. *Armendariz*, 24 Cal.4th at 117-18; *Fittante*, 105 Cal. App. 4th at 723-

11   24 (arbitration agreement is enforceable when it is equally applicable to both parties); *24 Hour*

12   *Fitness*, 66 Cal. App. 4th at 1213. Here, the Agreement meets all requirements of substantive fairness

13   to be enforceable pursuant to *Armendariz*.

14                 **(i)        The Arbitration Agreement Provides For A Neutral Arbitrator**

15   Selecting a neutral arbitrator is the first element of an enforceable agreement to arbitrate

16   employment claims. *Armendariz*, 24 Cal.4th at 102. The Agreement provides for a neutral arbitrator.

17   Flesch Decl., Ex. 1. Specifically, the Agreement provides for "final, binding and private arbitration in

18   [Plaintiff's] city and state of employment conducted by the Judicial Arbitration and Mediation

19   Services/Endispute, Inc. ("JAMS") …" *Id.* The JAMS rules require the arbitrator to be neutral. Kim

20   Decl., ¶ 4, Ex. 3 (JAMS Employment Rules). JAMS Rule 7(a) states: "The Arbitration shall be conducted

21   by one neutral Arbitrator … " *Id.* Therefore, the Agreement satisfies the first *Armendariz* requirement.

22                 **(ii)       The Arbitration Agreement Provides For Adequate Discovery**

23   Arbitration agreements provide for adequate discovery where the parties "are at least entitled

24   to discovery sufficient to adequately arbitrate their statutory claims, including access to essential

25   documents and witnesses, as determined by the arbitrator(s)." *Armendariz*, 24 Cal.4th at 106

26   (emphasis added). The Agreement states that, "[t]he arbitrator shall have the authority to compel

27   adequate discovery for the resolution of the dispute. . . ." Flesch Decl., Ex. 1. Furthermore, the

28   JAMS rules provide the arbitrator with the discretion and authority to order discovery as is necessary

1  "for a full and fair exploration of the issues in dispute."  Kim Decl., Ex. 3 (JAMS Employment Rules,

2  Rule 17.  These broad discretionary rules more than meet the *Armendariz* requirement.[6]

<b>(iii)    The Arbitration Agreement Requires A Written Award</b>

3

4       An enforceable arbitration agreement must also provide for a written award.  *Armendariz*, 24

5  Cal.4th at 102.  Here, both the Agreement itself and the JAMS rules require the arbitrator to issue a

6  written award.  Flesch Decl., Ex. 1 ["[t]he arbitrator shall issue a written arbitration decision

7  including the arbitrator's essential findings and conclusions and a statement of the award"]; Kim

8  Decl., Ex. 3 (JAMS Employment Rules, Rule 24(h), requiring the award to "consist of a written

9  statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, as to

10  each claim" and to "contain a concise written statement of the reasons for the Award").  Thus, the

11  Agreement comports with the written award requirement of *Armendariz*.

<b>(iv)    The Arbitration Agreement Provides For Adequate Remedies</b>

12

13       For an arbitration agreement to be enforceable, it must allow all remedies that would

14  otherwise be available in court.  *Armendariz*, 24 Cal.4th at 102.  Here, the Agreement states that,

15  "[t]he arbitrator shall issue a written arbitration decision including the arbitrator's essential findings

16  and conclusions and a statement of the award."  Flesch Decl., Ex. 1.  Furthermore, the JAMS rules

17  allow the arbitrator to "grant any remedy or relief that is just and equitable and within the scope of

18  the Parties' agreement, including, but not limited to, specific performance of a contract or any other

19  equitable or legal remedy."  Kim Decl., Ex. 3 (JAMS Rule 24(c)).  As a result, the Agreement

20  satisfies the remedies requirement articulated in *Armendariz*.

<b>(v)    The Arbitration Agreement Does Not Impose Unreasonable<br>Costs</b>

21

22

23       Under *Armendariz*, an arbitration agreement cannot generally require the employee to bear

24  any type of expense that the employee would not be required to bear if she were free to bring the

25

26  [6] *Lane v. Francis Capital Mgmt. LLC*, 224 Cal. App. 4th 676, 693 (2014) (holding that "by agreeing

27  to arbitrate statutory claims, the employer impliedly agreed to all discovery necessary to adequately arbitrate the claims"); *Roman*, 172 Cal. App. 4th at 1476 ("There appears to be no meaningful

28  difference between the scope of discovery approved in *Armendariz* and that authorized by the AAA employment dispute rules").

action in court.  *Armendariz*, 24 Cal.4th at 111-12.  Here, the Agreement does not attempt to impose any unreasonable costs and fees on Plaintiff.  To the contrary, the Agreement specifically states that, "Tesla shall pay all fees in excess of those which would be required if the dispute was decided in a court of law."  Flesch Decl., Ex. 1.  Since Plaintiff does not bear any additional expenses for participating in arbitration, the Agreement does not impose unreasonable costs on him.

### (vi)    The Arbitration Agreement Is Bilateral

*Armendariz* also requires that an arbitration agreement contain a "modicum of bilaterality." 24 Cal.4th at 83; *Fittante,* 105 Cal. App. 4th at 725 (a "modicum of bilaterality" exists when both the employer and the employee are bound to submit their claims to arbitration, subject to the same rules and procedures and the same advantages and disadvantages).  Here, the Agreement is mutual and bilateral because it requires both Plaintiff and Tesla to arbitrate their claims.  Flesch Decl., Ex. 1 ("you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by final, binding and private arbitration …").  Since the Agreement would apply equally to claims brought by the other party, it is mutual and enforceable.  *24 Hour Fitness,* 66 Cal. App. 4th at 1213.  Thus, the Agreement meets the bilaterality requirement of *Armendariz.*

It is therefore indisputable that the Agreement fully complies with the minimum requirements set forth in *Armendariz*, is substantively consciable, and, therefore, must be enforced.  *See e.g.*, *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416 (2000) (enforcing arbitration agreement between the employer and the employee where it was clear that the agreement met the requirements of *Armendariz* and, thus, was not unconscionable under California law); *Armendariz*, 24 Cal.4th at 114 (requiring both substantive and procedural unconscionability to invalidate arbitration agreement).

### F.    The Court Should Sever Any Term Deemed Unconscionable And Enforce The Remainder Of The Arbitration Agreement

Even if the Court determines that a provision of the Agreement is unenforceable, it should modify or sever the offending portion.  *Garcia v. Start Yoshi, Inc.*, No. 23-CV-06518-VKD, 2024 WL 2274524, at *7 (N.D. Cal. May 17, 2024); *Armendariz*, 24 Cal.4th at 121-24; *Bolter v. Superior*

1  *Court*, 87 Cal. App. 4th 900, 910-11 (2001) ("It is not necessary to throw the baby out with the bath

2  water, *i.e.*, the unconscionable provisions can be severed and the rest of the agreement enforced").

3    To prevent severance (in the event any provision was deemed unconscionable), Plaintiff

4  would need to show that the Agreement is "permeated" with illegality. *Bolter*, 87 Cal. App. 4th at

5  910-11; *Ferguson v. Countrywide Credit Industries*, 298 F.3d 778, 787 (9th Cir. 2002) (a court

6  should only decline to sever an offending portion if an agreement "is permeated by the

7  unconscionability"); *Mercuro v. Superior Court*, 96 Cal. App. 4th 167, 182 (2002). Courts have only

8  found an entire agreement to be unenforceable when multiple defects "indicate a systematic effort to

9  impose arbitration on an employee . . . as an inferior forum that works to the employer's advantage."

10  *Mercuro*, 96 Cal. App. 4th at 185.

11    Instead, courts are particularly apt to sever objectionable clauses where the parties have

12  agreed in the arbitration agreement to modify or interpret any clause found to be invalid or

13  unenforceable. *Oakland-Alameda Cnty. Coliseum Auth. v. CC Partners*, 101 Cal. App. 4th 635, 646

14  (2002); *SI V, LLC v. FMC Corp.*, 223 F. Supp. 2d 1059, 1063 (N.D. Cal. 2002). Here, the parties

15  did just that. The Agreement states that "[i]f one or more of the provisions in this arbitration

16  agreement, or any portion thereof, are deemed invalid, unenforceable, or void under the Federal

17  Arbitration Act or other applicable law, then the remaining provisions, or portions thereof, shall not

18  thereby be affected and will continue in full force and effect …" Flesch Decl., Ex. 1. Thus, in the

19  event that the Court finds any provision to be unenforceable, the Court should modify or remove the

20  offending provision and enforce the remainder of the Agreement.

21    **G.**  **The Court Should Stay Proceedings Pending Completion Of Arbitration**

22    As demonstrated above, Plaintiff and Tesla entered into a valid and enforceable Agreement,

23  which encompasses every claim asserted by Plaintiff in this action. Thus, "the court shall make an

24  order summarily directing the parties to proceed with arbitration." 9 U.S.C. § 4. Under the FAA,

25  upon application of a party, a court "shall" stay further proceedings in a legal action if it finds that

26  "any issue" in the case should be referred to arbitration under an agreement in writing for such

27  arbitration. 9 U.S.C. § 3.

28

1    California law also calls for a stay of litigation where there is a valid arbitration agreement.

2    Cal. Civ. Pro. Code §1281.4; *Rodriguez v. Am. Techs., Inc.*, 136 Cal. App. 4th 1110, 1122-23 (2006),

3    *citing Marcus v. Superior Court*, 75 Cal. App. 3d 204, 209 (1977) (any party to a court proceeding

4    can move to stay the court proceeding pursuant to Cal. Code Civ. Proc. § 1281.4 and the court must

5    order a stay).

6    **IV.    <u>CONCLUSION</u>**

7    The Agreement entered into by Plaintiff and Tesla is valid and enforceable, and indisputably

8    covers the claims alleged by Plaintiff in this lawsuit.  Accordingly, this dispute must be arbitrated.

9    Both Federal and California law as well as long-standing public policy require that the Agreement

10   be enforced.    Therefore, Tesla respectfully requests that the Court enter an Order to compel

11   arbitration of Plaintiff's claims and stay all further proceedings in this action until the arbitration is

12   concluded.

13

14   DATED:  October 14, 2024                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                  STEWART, P.C.
15

16

17                                               By:  *s/ Heidi G. Kim*
                                                      _____
18                                                    LISA C. HAMASAKI
                                                      HEIDI G. KIM
19
                                                 Attorneys for Defendant
20                                               TESLA, INC.

21                                                                    64540286.v3-OGLETREE

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND
STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES